HOGLE
v.
STEWART.

## HOGLE, Widow, &c. *against* STEWART.

The act limiting the period of bringing claims and prosecutions against forfeited estates, passed the 29th *March,* 1797, 11th sess. c. 52.) does not extend to, or bar the claims of the *widows* of persons attainted, for their *dower* in the estates forfeited and sold by the commissioners of forfeitures.

THIS was an action of *dower*, brought by the demandant, to recover her right of dower, as the widow of *John Hogle*, in 110 acres of land, situate in the town of *Cambridge*, in the county of *Washington*. The writ was returnable in *November* term, 1808.

The demandant was married to *John Hogle*, some time before the commencement of the late war between this country and *Great Britain*. *John Hogle* was seised of the premises in question, during the coverture, and he died seised and in possession of the premises in the year 1777, and *Elizabth Hogle* has continued a widow ever since. *John Hogle* was duly attainted, for adhering to the enemies of this state, in the late war. On the 20th of *February*, in the year 1781, the commissioners of forfeitures for the western district, sold the premises of

which dower is demanded, for the consideration of 330*l.* to *Nathaniel Henry*, on the conviction of *John Hogle.* *Henry* conveyed to the tenant, who has held the same ever since, under that title.

A case containing the above facts was submitted to the court without argument; and it was agreed that if the court should be of opinion that the demandant is entitled to recover, then judgment should be entered that she recover her dower. If not, then judgment of nonsuit was to be rendered.

NEW-YORK, May, 1811.

HOGLE v. STEWART.

VAN NESS, J. delivered the opinion of the court. The forfeiture of the husband's estate, by his attainder, did not affect the wife's right of dower. (*Palmer* v. *Horton*, 1 *Johns. Cas.* 27.) The estate that was sold by the commissioners of forfeitures, was the estate of the husband only; the wife's right of dower remained as perfect as if no forfeiture had ever been incurred.

The question then arises, whether the statute of the 29th *March*, 1797, limiting claims and prosecutions against forfeited estates, applies to a case of *dower*. I think it clearly does not. It is true that the state is bound to defend the purchasers of forfeited estates, against all claims whatsoever. The deeds given by the commissioners of forfeitures, were for an absolute estate; but as it was known that the attainder did not impair the widow's right of dower, the state intended to indemnify the purchaser against such right, whenever it should be made and enforced. The words of the 1st section of the statute are, " that no persons, &c. who now have, or shall, or may hereafter have, any estate, right, title, claim, or demand, to any lands, &c. supposed to have been forfeited, &c. and which have been heretofore granted or conveyed to any person, &c. shall, after the expiration of five years from and after the passing of this act, &c. prosecute, sue, or maintain any action or suit at law for the recovery thereof, *against the right and title so grant-*

*ed*, by the people of this state as above said." The se-cond section is, " that if any person, &c. shall, &c. after the period of five years, sue or prosecute any suit, &c. for any of the said lands, &c. so as aforesaid granted, &c. such person, &c. shall from thenceforth be utterly barred for ever of all and every such suit, &c. *against the right or title so granted* or conveyed by the people of this state as aforesaid." Although the provisions of this act are loaded with a great number of words, yet none of them reach this case. The words that no person who at the time of passing the act had any estate, &c. in any lands forfeited and conveyed by the commissioners, shall, after the expiration of five years from the passing of this act, prosecute, &c. might, perhaps, embrace this case, were they not qualified and restrained by what follows. I think there is some doubt, however, even upon this part of the act, because the estate spoken of is the estate in lands *forfeited and conveyed*, whereas, the widow's estate never was forfeited and conveyed. But however this may be, it is, I think, demonstrable, that when the re-maining part of the same section is taken in connection with the part just adverted to, that the widow's right is completely excluded : No action shall be prosecuted or maintained, after the expiration of five years *against the right and title granted by the commissioners.* The right of dower is neither adverse to the estate forfeited, nor is it " *against the right and title*" granted by the state, but is in concurrence with both. The seisin of the purcha-ser from the state is derived from the husband, and is a continuation of that seisin upon which the claim of dower is founded. If this construction of the first sec-tion of the act be correct, it is obvious that the second section creates no bar to this suit.

This construction of the act is fortified by a recurrence to the mischief which it was intended to remedy, as dis-closed by the preamble, which recites, that " whereas the title deeds and other documents relative to forfeited

estates, were generally carried away by the former pro-
prietors, whose conduct caused their forfeiture, and the
title of the state, *as resulting from such forfeitures*, is
therefore peculiarly liable to be obscured or defeated;
*therefore* it is enacted." This case does not fall within
any of the reasons enumerated in the preamble. Indeed,
when all the statutes on the subject are carefully exami-
ned, it is clear the legislature never intended to apply
the short and rigorous limitation of the statute of the
29th *March*, before noticed, to any cases except those in
which claims were made against the right which had
been acquired by the state, in consequence of the attain-
der of persons adhering to the enemies of the country.
The statute was passed in reference to such claims only,
and never was intended to extend so far as to bar a claim
or interest which never had been either forfeited or sold.

There ought, therefore, to be judgment for the de-
mandant.

SPENCER, J. I cannot concur in the opinion just given.
The act of the 28th of *March*, 1797, in my opinion, is a
bar to the demandant's recovery. The preamble to that
act cannot control the operation of the strong and ex-
press language of the enacting clause. The cases are
numerous, clear and decided, in support of this princi-
ple; and, without quoting, I refer to Lord *Hardwicke's* opi-
nion in *Basset* v. *Basset*, (3 *Atk.* 203.) *The King* v. *Athos*,
(8 *Mod.* 144.) Mr. Justice *Buller's* opinion, (4 *Term
Rep.* 793.) and to Lord *Mansfield's* opinion in *Patterson*
v. *Banks*, (*Cowp.* 543.)

The enacting words are full and explicit; "*no person
who then had*, or might thereafter have, *any estate, title,
claim or demand in or to any lands*," &c. supposed to
have been forfeited for any attainder or conviction du-
ring the late war, and which had theretofore been grant-
ed by the commissioners of forfeitures, &c. *shall, after
the expiration of five years* from the passing the act, &c.

*have, prosecute,* or *maintain* any action or suit at law, for the recovery thereof *against the right granted by the people of this state,*" &c.

Does the act include the demand of dower, and is it a suit for the recovery of lands forfeited by attainder, against the right granted by the state? It cannot require any argument to show that the present suit is a claim or demand in or to the lands, which have been granted by the state; for, on a recovery, the demandant has her writ of seisin, and must be put in possession of one third of them. That it is a suit for the recovery of lands, against the right granted by the people, will be manifest, by adverting to the acts of the 22d of *October,* 1799, 1 *Green.* 26.) and of the 12th of *May,* 1784, (1 *Green.* 127.) By these acts, the conveyances given by the commissioners are declared to operate as warranties from the people to the purchasers, against all claims, titles, and encumbrances whatever. The case then stands thus : the people, by their commissioners, have sold the land whereof dower is sought, in *allodium,* and they have warranted it against all claims, titles, and encumbrances. If the demandant has judgment, this warranty is broken, and the state is bound to an indemnity. This suit then is directly adverse to the right granted by the people; because they have undertaken to grant these lands as absolutely their own, and against every claim and encumbrance; and this brings the case precisely within the letter and spirit of the act. It is in vain to say, that the widow's dower is not a claim adverse to the title *acquired* by the state. Is it adverse *to the right granted* by the state? That is the real question.

I cannot perceive, neither, why we should do away the obvious meaning of the legislature, which was to establish a short statute of limitation, in favour of a claim so stale as is the present. The act is a constitutional one.

The demandant has slept on her rights until they are for- feited and gone, and I am not disposed to help her by overruling an act of the legislature.

Judgment for the demandant.