## EUNICE PARKER *vs.* BENJAMIN I. OBEAR.

A writ of dower is not barred by the statute of limitations — Rev. Sts. *c.* 119, § 1.

WRIT OF DOWER. At the trial before *Wilde*, J., the inter-marriage of the demandant and Moses Parker, his subsequent seizin of the premises in which dower was demanded, his death in 1814, and a demand of dower, made on the tenant, in June 1841, were proved or admitted. When said demand was made on the tenant, he admitted to the demandant, that she was entitled to dower in the premises, but said he could not set it out then, and advised her to bring her action.

The tenant derived his title to the premises from said Moses, the demandant's husband, through Joseph Parker, deceased. Ephraim Adams, one of the executors of the last will of said Joseph Parker, and husband of one of his heirs at law, was present at the trial, and the tenant's counsel stated, during the trial, that they appeared and defended for the heirs at law of said Joseph ; but the record did not show that said heirs had been vouched in to defend.

The tenant relied on the statute of limitations, (Rev. Sts. *c.* 119, § 1,) as a bar to the action ; but the judge ruled that the action of dower was not thereby barred, and a verdict was returned for the demandant. The tenant thereupon alleged exceptions to the said ruling.

*Wentworth,* for the tenant. The first section of *c.* 119 of the Rev. Sts. is explicit that no person shall commence an action for the recovery of land, unless within twenty years after the right to such action first accrued, or within twenty years after he, or those under whom he claims, shall have been seized or possessed of the premises. The question then is this : Is land sought to be recovered in this action ? The writ, in the usual form, demands one third part of the land therein described. See Stearns on Real Actions, App. No. 75. If a recovery is had, it will be of the land described in the writ, for the life of the demandant. If it be said that the land will not be recov-

ered to be held in fee, the answer is, that the provision of the statute cited is not confined to such a recovery.

The decision of this point, it is believed, cannot be affected by the cases decided upon the construction of the English statute of limitations, 32 Hen. VIII. c. 2; for that applied only to cases in which the demandant counted on his own seizin, or that of his ancestor. Angell on Limitations, 33. Nor does the case of *Hogle* v. *Stewart*, 8 Johns. 104, militate with the doctrine on which the tenant relies. The decision of the majority of the court in that case went upon the ground, that as the right of dower was not forfeited by the confiscation laws, the New York *St.* of 1797, barring a suit for any land supposed to have been forfeited, did not include an action of dower. That case, therefore, has no bearing on the present question, viz. whether the general limitation act applies to an action of dower.

*G. Parker*, for the demandant. The Rev. Sts. c. 60, §§ 7 – 11, declare in what cases a widow shall be barred of dower, but do not mention lapse of time as a bar ; and there are strong reasons why she should not be compelled to enforce her claim within the time limited by c. 119 : As where her husband conveys, without her joining, and receives the full value of the land. The wife, being otherwise provided for, would not disturb the grantee, unless misfortune befell her. But if limited to twenty years, widows would uniformly enforce their rights within that period, in anticipation of a day of need.

The occupation of those claiming under the demandant's husband has not been adverse to the demandant's right to dower ; and therefore the statute has not run against her. And in *Hogle* v. *Stewart*, 8 Johns. 104, where the husband's estate had been forfeited, and conveyed by the State, and the time limited for prosecuting the claims of those interested in the forfeited estate had elapsed, the widow was held not to be barred of her dower. The court said, " the right of dower is neither adverse to the estate forfeited, nor is it against the right and title granted by the State, but is in concurrence with both," &c. In *Podger's case*, 9 Co. 104, it was said by the court, that no person can

plead the statute of limitations, unless his possession has been adverse to that of the person who claims against him. Angell on Limitations, 76. And the action of dower was not within the *St* of 32 Hen. VIII., as the tenant's counsel admits. See also *Hitchcock* v. *Harrington*, 6 Johns. 290. Com. Dig. Temps, G. 9. 1 Hilliard's Ab. 98, 99. 2 ib. 193.

The demandant had no right of action, until she had demanded her dower, and had been refused. She must sue within a year after demand, but she may make a new demand and sue thereon. Rev. Sts. *c.* 102, § 2. But there is no provision or intimation in the statute, that these repeated demands must be made within twenty years after the husband's death.

*Wentworth*, in reply. The 60th chapter of the Rev. Sts. provides for the barring of the *estate* of dower, with the assent of the wife, and for the surrender of a prospective estate. There s no reference to the statute of limitations, and there is no reason why there should be, as its purpose was different. In the revised statutes, the provisions of law are classified, and :. 60 relates to estates only. Actions are distinctly treated of . 1 other chapters.

Hubbard, J. It is admitted in this case, that a much longer period than twenty years has elapsed, since the decease of the demandant's husband, out of whose estate she claims to be endowed. The tenant, an alienee of the heir at law of a part of the estate of which the husband died seized, relies on the statute of limitations as a valid bar to this claim. The language of the statute is this: "No person shall commence an action for the recovery of any lands, nor shall make an entry thereupon, unless within twenty years after the right to make such entry or bring such action first accrued, or within twenty years after he, or those from, by, or under whom he claims, shall have been seized or possessed of the premises, except as hereinafter provided." Rev. Sts. *c.* 119, § 1. It is not necessary to consider the exceptions mentioned ; it is sufficient to say they do not affect the decision of the question now to be determined.

The language of the first section is very broad ; and the argument of the tenant is, that a writ of dower is a writ for the

recovery of lands, and that the statute bars all actions for the recovery of lands, unless sued for within twenty years after the right commenced. The tenant's position, that this is an action to recover land, is correct; and taking the language of the statute without any qualification, it would appear to support the ground taken by the tenant. But in *c.* 60 of the Rev. Sts. which especially treats of estates in dower and by the curtesy, the various ways in which a woman may be barred of her dower are set forth, but no mention is made of a bar by the statute of limitations. In noticing this fact, the counsel for the tenant contends that this chapter, as well as certain others, relates to the tenure of estates, and not to the actions which may be brought to enforce rights; and that we are therefore bound to apply the limitation contained in *c.* 119 to this as well as to other real actions. But in answer to this suggestion, it is to be observed that the 102d chapter of the Rev. Sts. treats especially of the writ of dower; and in the closing section of the chapter, (§ 9,) it is enacted that "the provisions contained in the 60th chapter, as to the lands out of which dower may be claimed, *the manner in which it may be barred,* and the liability of the tenant for waste, shall be applied and enforced in all cases, when dower is demanded or recovered by force of this chapter;" and this without any reference to the statute of limitations. But upon an examination of that statute, it is evident that it applies to those cases, and those only, where a right of entry existed in the party claiming the estate, or in the ancestor or predecessor of the person who claims the land. The bar applies to those persons whose right of entry is lost by their own laches, or by the laches of those under whom they claim. And the great distinction is this; that in regard to dower, at the common law, as established in this Commonwealth, the woman has no right of entry, on the decease of her husband. Her claim is to a third part of the real estate (having respect to the rents and profits) of which the husband was seized during coverture, to have the same set off to her by metes and bounds, where, in its nature, it is capable of such a division. She is not a joint tenant, nor tenant in common with the heir, devisee, or grantee.

Her entry, if she attempted to make it, would be unavailing, for it would not give her any right to any separate parcel of the estate which she might herself elect, nor any new interest in the entire estate. Her remedy is not by entry, but by demand upon the person who is seized of the freehold in which she is entitled to dower at the time of her demand. And if he refuses to assign it, to her satisfaction, she may then commence her action, after the expiration of one month, and within one year from the time of making her demand. But if that period passes, she is not precluded from a new demand and another right of action thereon. To this renewed claim on her part, there is no statute limitation; and as she never had a right of entry, it is not embraced in the general statute of limitations.

This question has arisen in other States. In South Carolina, in the case of *Ramsay* v. *Dozier*, 1 Const. Rep. 112, the court held that the statute of limitations of that State was a bar to the claim for dower, unless prosecuted within five years. But the decision was principally grounded on the express words of the statute, and the court were not unanimous in their opinion. And the English decisions there referred to do not relate to the statute of limitations of 32 Hen. VIII. *c.* 2, but to a case of alienation by fine with proclamations. *St.* 4 Hen. VII. *c.* 24. In Maryland, in the case of *Wells* v. *Beall*, 2 Gill & Johns. 468, the court decided that the statute of limitations is no bar, in equity, to a widow's claim for dower. In New York, in the case of *Hogle* v. *Stewart*, 8 Johns. 104, which was an action of dower, the facts were shortly these : The writ was returnable November term 1808. The demandant was married to John Hogle before the revolutionary war. He was seized of the demanded premises when he died, in 1777, and the demandant had continued a widow ever since. Hogle was duly attainted for adhering to the enemies of the State; and in 1781 the premises were sold to one Henry, on the conviction of Hogle, and by Henry to the tenant; and one of the provisions of the act of attainder was, " that no persons, &c., who now have, or shall or may hereafter have, any estate, right, title, claim, or demand, to any lands, &c , supposed to have been forfeited, &c., and which

have been heretofore granted or conveyed to any person, &c., shall, after the expiration of five years from and after the passing of this act, &c., prosecute, sue, or maintain any action or suit at law, for the recovery thereof, *against the right and title so granted* by the people of this State, as abovesaid "; and the court say, " no action shall be prosecuted or maintained, after the expiration of five years, against the right and title granted by the commission ers. The right of dower is neither adverse to the estate for feited, nor is it against the right and title granted by the State, but is in concurrence with both. The seizin of the purchaser from the State is derived from the husband, and is a continuation of that seizin upon which the claim of dower is founded." The reasoning in this case is applicable to the one at bar; and it is to be remarked also, that although more than thirty years had elapsed, from the death of the husband to the claim for dower, yet there is no intimation that the claim was barred or affected by the general statute of limitations. See also 4 Kent Com. (3d ed.) 70, *in notes.* In Connecticut, Chief Justice Swift says, the dower of the widow is not barred by lapse of time. 1 Swift's Digest, (ed. of 1822,) 85. In New Hampshire also, *Barnard* v. *Edwards,* 4 N. Hamp. 109, it was held that a writ of dower was not within the statute of limitations. The court there say, " it is clear that a limitation of dower cannot be dated from the seizin or possession of the demandant, because she cannot have either until dower has been assigned to her." And the same doctrine is held in North Carolina and Tennessee. *Spencer* v. *Weston,* 1 Dev. & Bat. 213. *Guthrie* v. *Owen,* 10 Yerg. 339.

The statute of limitations of this Commonwealth is derived from the statute of 32 Hen. VIII. *c.* 2; and Lord Coke, in speaking of that statute, says, " it does not extend where the seizin is not traversable, or issuable." Co. Lit. 115 *a.* And Hargrave, in his note on this passage, (*note* 149,) observes, " the reason is plainly this; the limitation in the 32 Hen. VIII. is wholly referable to seizin, the statute requiring a seizin within a certain time, according to the nature of the writ; that is, sixty years for writs of right, fifty for possessory writs founded on an ancestor's pos

3 *

session, thirty for possessory writs founded on the party's own possession, and so on. Now the limitation being thus dated from a seizin, it would be absurd to extend the statute to actions in which seizin, not being issuable, can never become the subject of evidence or trial." See also 1 Roscoe on Real Actions, 11.

Park, in his Treatise on Dower, p. 311, says, " no statute of limitations has prescribed any period for the bringing of a writ of dower ; the remedy, however, may be barred by the statute of non-claims, if the husband levies a fine with proclamations, and the wife does not bring her writ of dower within five years after her title accrues by the death of her husband, or after the disabilities, if any existing at that time, are removed." And this was the mode of barring dower in England, by statute. Judge Jackson, in his very learned Treatise on Real Actions, p. 19, says, our law respecting the right of dower is substantially the same as in England.

Without going more at large into authorities, it is evident that the statute of limitations (Rev. Sts. *c.* 119) refers to seizin and right of entry.

The widow has no seizin in the land by reason of the death of her husband ; and can sustain no action till after a demand upon the heir, or person who is seized of the freehold. We are clear that the statute of limitations was made with another purpose, and however broad the general words may be, they are not applicable to claims for dower.

*Judgment on the verdict.*